S. Christian Stouder (Bar No. 149821)
Krsto Mijanovic (Bar No. 205060)
Annette F. Mijanovic (Bar No. 264638)
HAIGHT BROWN & BONESTEEL LLP
555 South Flower Street, Forty-Fifth Floor
Los Angeles, California 90071
Telephone: 213.542.8000
Facsimile: 213.542.8100

Attorneys for Defendant
LSI TITLE COMPANY

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>ADINA ZAHARESCU,<br><br>      Debtor and Debtor in Possession. | Case No. 1:12-bk-11362-MT<br><br>Chapter 11<br><br>Adv. No. 1:13-ap-01028-MT |
| SATISH SHETTY,<br><br>      Plaintiff,<br><br>v.<br><br>ADINA ZAHARESCU; ADINA ZAHARESCU, As Trustee for La Barca Irrevocable Trust; DEUTSCHE BANK NATIONAL TRUST COMPANY, N.A., as Trustee for Asset-Backed Pass-Through Certificate Series 2004-FRI, a National Association; AMERIQUEST MORTGAGE COMPANY, a Delaware corporation; AMERIQUEST MORTGAGE SECURITIES, INC., a Delaware corporation; LITTON LOAN SERVICING, LP, a California limited partnership; OCWEN FINANCIAL SERVICES, INC., a Florida Corporation; OCWEN LOAN SERVICING, LLC, a Florida limited liability Company; QUALITY LOAN SERVICING, CORP., a California corporation; AMERIQUEST MORTGAGE SECURITIES INC. ASSET BACKED PASS-THROUGH CERTIFICATE SERIES 2004-FRI, New York Trust; THE GOLDMAN SACHS | **REPLY TO PLAINTIFF'S OPPOSITION TO LSI TITLE COMPANY'S MOTION TO DISMISS ADVERSARY COMPLAINT**<br><br>Date: May 30, 2013<br>Time: 1:00 p.m.<br>Ctrm: 302 |

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LP09-0000022
9884795.1

1

REPLY TO PLAINTIFF'S OPPOSITION TO LSI
TITLE COMPANY'S MOTION TO DISMISS
ADVERSARY COMPLAINT

| | |
|---|---|
| 1 | GROUP INC.; LSI TITLE COMPANY; ) |
| | BROWN AND ASSOCIATES, a ) |
| 2 | Professional law corporation; LAURA ) |
| | BURSEY, an individual; and DOES 1 to ) |
| 3 | 10, ) |
| | ) |
| 4 |        Defendants. ) |

LSI Title Company ("LSI") submits the following Reply to plaintiff's Opposition to LSI Title Company's Motion to Dismiss Adversary Complaint.

## I. PLAINTIFF FAILED TO DEMONSTRATE THAT HE HAS STATED, OR COULD STATE, A CLAIM AGAINST LSI UPON WHICH RELIEF SHOULD BE GRANTED

In his Opposition, plaintiff does not dispute that LSI has no interest in the subject property. Instead, plaintiff simply argues that LSI should be liable because it recorded several debt instruments, including the Grant Deed, Note, and Deed of Trust. (See, e.g., Opp., p. 6, lns. 25-27) ("[LSI] caused the false documents such as a Grant Deed, Note, and Deed of Trust to be prepared and recorded in the office of the Los Angeles County Recorder.").) Plaintiff argues that LSI's Motion to Dismiss should be denied because this somehow makes LSI liable to him.

The Complaint itself does not contain any of these allegations regarding LSI's purported involvement with the Grant Deed, Note, and Deed of Trust. The only allegations about LSI in the Complaint are that LSI prepared a Settlement Statement on behalf of Ameriquest (Compl. ¶ 52) and that LSI recorded a Notice of Default as agent for Quality Loan (Compl. ¶ 96). Plaintiff cannot defeat this Motion by relying on allegations which do not appear in the operative Complaint.

Furthermore, even assuming the Court allowed plaintiff to amend his Complaint to include the allegations about having recorded the Grant Deed, Note, and Deed of Trust, plaintiff still failed to meet his burden of demonstrating that the defects in the Complaint would be cured by such amendments. Plaintiff's argument about LSI's involvement with

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LP09-0000022
9884795.1

2

REPLY TO PLAINTIFF'S OPPOSITION TO LSI
TITLE COMPANY'S MOTION TO DISMISS
ADVERSARY COMPLAINT

the loan documents boils down to one conclusory allegation: LSI was involved in the recording of some of the loan documents; therefore, LSI must be liable. Plaintiff's arguments are no less arbitrary than alleging that the Recorder's Office for the County of Los Angeles was involved in the recording of those same documents; therefore, the County of Los Angeles must be liable. Such allegations are insufficient to state a claim upon which relief can be granted. The Complaint should be dismissed as to LSI.

## II.   PLAITNIFF FAILED TO DEMONSTRATE THAT HE HAS ADEQUATELY PLEADED EACH OF THE TEN CLAIMS

### A.   The Declaratory Relief, Quiet Title, and Injunctive Relief Claims Against LSI Fail Because LSI Does Not Have An Interest In The Subject Property

Plaintiff's goal under his claims for Declaratory Relief, Quiet Title, and Injunctive Relief is to obtain a declaratory judgment "related to the rights [and] obligations of the parties." (Opp., p. 22, lns. 24-25.) Plaintiff further wants the Court to "quiet title against all adverse claims of any of the defendants herein as to the subject property." (Compl. ¶ 217.) Since LSI is not a party to, or named in, the Note or Deed of Trust, LSI does not have any rights or obligations under the Note or Deed of Trust. Likewise, since LSI is not making an adverse claim to the subject property, the Court does not need to quiet title to the property as against LSI. Although an actual controversy may exist between plaintiff, the debtor, and/or the co-defendants in the case who are claiming title to the property, there is no actual controversy with LSI since LSI admits it has no interest or title in the property. Thus, plaintiff's claims for Declaratory Relief, Quiet Title, and Injunctive Relief should be dismissed.

### B.   Plaintiff Has Not Alleged A Claim For Cancellation Of Written Instrument Against LSI Upon Which Relief Can Be Granted

In his Opposition, plaintiff claims that LSI is a "party to debtor's controversial title, debt instruments, note and deed of trust." (Opp., p. 23, lns. 24-25.) It is unclear from this argument how or why this would subject LSI to a claim for the cancellation of a written

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LP09-0000022
9884795.1

3

REPLY TO PLAINTIFF'S OPPOSITION TO LSI
TITLE COMPANY'S MOTION TO DISMISS
ADVERSARY COMPLAINT

1  instrument. As explained in LSI's moving papers, LSI was not a party to the Note or Deed
2  of Trust, which are the only two instruments that plaintiff seeks to have cancelled. Plaintiff
3  does not dispute this, but instead argues that LSI was "instrumental in positioning the
4  defendants to be able to take action against plaintiff's property." (Opp., p. 23, lns. 25-27.)
5  This is insufficient to keep LSI as a defendant under a claim to cancel a written instrument.
6  LSI does not have an interest in the outcome of whether the Note and Deed of Trust are
7  cancelled. Plaintiff cannot confer interest to LSI by merely stating that "LSI has an interest
8  as it has received profits and fees from the unlawful debt origination transaction." (Opp., p.
9  24, lns. 12-13.) As such, plaintiff failed to state a claim for Cancellation of Written
10 Instrument against LSI upon which relief can be granted.

      C.    **<u>Plaintiff Does Not Allege Deceit And Fraud With Sufficient Particularity To Withstand LSI's Motion to Dismiss</u>**

13 Plaintiff contends that he has sufficiently alleged fraud and deceit in his Complaint.
14 (Opp., p. 24, lns. 20-22.) As discussed more fully in LSI's moving papers, however,
15 plaintiff never states anywhere in his Complaint what misrepresentations LSI allegedly
16 made, when they were uttered, who spoke them, his or her authority to speak, and the
17 identity of the person to whom it was said. *Wooten v. Countrywide Home Loans Inc.*, CIV
18 S–11–1791 MCE DAD PS, 2012 WL 346460, at *5 (E.D.Cal., 2012) (*citing Tarmann v.
19 State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 157, 2 Cal.Rptr.2d 861 (1991); *Sanford
20 v. Memberworks, Inc.*, 625 F.3d 550, 558 (9th Cir.2010); *Lazar v. Superior Court*, 12
21 Cal.4th 631, 645 (1996). As currently drafted, the fraud allegations only relate to
22 Ameriquest's, Quality Loan's, Litton's, and Ocwen's alleged misrepresentations that they
23 "claimed rights to payment on the loan and caused the Notice of Default and Notice of
24 Trustee Sale to be issued by Quality Loan." (Compl. ¶ 249.) Although the claim for Deceit
25 and Fraud incorporates all prior paragraphs in the Complaint by reference, the prior
26 paragraphs only make the following two substantive allegations against LSI:
27       1.    "Upon reliance upon a closing statement prepared by LSI Title
28            Company for "Ameriquest Mortgage," plaintiff alleges that "Litton" received

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LP09-0000022
9884795.1

4

REPLY TO PLAINTIFF'S OPPOSITION TO LSI
TITLE COMPANY'S MOTION TO DISMISS
ADVERSARY COMPLAINT

$515,305.37 from the proceeds of the purported refinancing, "Zaharescu" received $33,829.93 while "Ameriquest Mortgage Company" and others received the remainder portion of the purported loan transaction" (Compl. ¶ 52); and

2. "On December 24, 2008 at 8:00 a.m., Quality Loan Servicing Corp., who was without authority and representing itself as an agent for an unknown beneficiary prepared and caused to be filed through LSI Title Company (CA), a 2-page document titled "Notice of Default and election to sell under deed of trust" in the Office of the County Recorder for the County of Los Angeles, vide document number 20082254987. The document contained information related to the amount in default and to find out that amount he borrwer/debtor must pay, or arrange to pay to stop the foreclosure to contact Litton Loan Servicing LP. c/o Quality Loan Service Corpo. 2141 5th Avenue, San Diego, CA 92101." (Compl. ¶ 96.)

As the Court can see, these allegations are actually directed against Ameriquest (¶ 52) and Quality Loan (¶ 96). LSI is only referenced, in passing, for having been peripherally involved in the recording and preparation of certain documents. Plaintiff acknowledges in his Opposition that he does not have the ability to amend or add to these allegations to cure the deficiencies in his Complaint. (Opp., p. 24, lns. 20-22.) Plaintiff cannot lump multiple defendants together and make conclusory allegations that they all engaged in fraud. *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007). A plaintiff who fails to identify the time, place, and content of the alleged misrepresentations, and fails to plead facts explaining why the statements were false when they were made, has not provided a defendant with adequate notice about its alleged participation in the fraud. *Smith v. Allstate Ins. Co.*, 160 F.Supp.2d 1150, 1152 (S.D. Cal. 2001). Thus, the Deceit and Fraud claims should be dismissed as to LSI.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LP09-0000022
9884795.1

5

REPLY TO PLAINTIFF'S OPPOSITION TO LSI
TITLE COMPANY'S MOTION TO DISMISS
ADVERSARY COMPLAINT

D. **The Unjust Enrichment Claim Fails Because Plaintiff Has Not Demonstrated How LSI was *Unjustly* Enriched At Plaintiff's Detriment**

Plaintiff's opposition on the unjust enrichment claim is unintelligible. He argues that plaintiff and LSI did not have an express contract, but he does not explain the legal significance of this argument or how this claim is saved from dismissal. (Opp., p. 28, lns. 3-4.) He also does not address LSI's argument that the Complaint fails to allege how preparing a Settlement Statement for Ameriquest Mortgage, or recording a Notice of Default as agent for Quality Loan Service, would unjustly enrich LSI to plaintiff's detriment. The Opposition also does not demonstrate how plaintiff intends to amend the Complaint to adequately plead this claim even assuming that unjust enrichment was a valid cause of action in California. Therefore, this claim should be dismissed.

E. **The Accounting Claim Fails Because Plaintiff Has Not Demonstrated That He Has Adequately Pleaded That LSI Is A Proper Defendant**

Although the Complaint only seeks an accounting from Deutsche, Ameriquest Mortgage, Litton, and Ocwen (Compl. ¶ 274), plaintiff argues in his Opposition that he is also seeking an accounting from LSI. Even if he amended his Complaint to request an accounting from LSI, plaintiff would still fail to state a claim against LSI upon which relief can be granted.

Only persons who are equitably interested in a fund involved in an accounting are properly named as defendants. (See, e.g., *California Raisin Growers' Ass'n v. Abbott* (1911) 160 Cal. 601.) For example, in *California Raisin Growers*, the Supreme Court held that a raisin growers' association which had entered into separate contracts with 2,800 raisin growers for the purpose of receiving, packing, and selling their product properly named as defendants those growers who had received sums in excess of their share as well as those growers who had received less than their share. (*Id.*) The court held that since the named growers had an interest in the funds arising out of their contractual relations with the raisin growers' association (some growers had received too much money, some growers did not receive enough), they were properly joined as defendants under the claim for an accounting. (*Id.*)

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LP09-0000022
9884795.1

6

REPLY TO PLAINTIFF'S OPPOSITION TO LSI
TITLE COMPANY'S MOTION TO DISMISS
ADVERSARY COMPLAINT

1 | Plaintiff does not allege that LSI has an interest in the funds arising out of the subject Note
2 | and Deed of Trust. In his Opposition, plaintiff only argues that LSI was "a settlement agent
3 | responsible for receiving and disbursing funds received by them related to the February 19, 2013
4 | [sic] transaction." (Opp., p. 28, lns. 16-18.) LSI is neither the lender nor the borrower, and LSI
5 | does not claim interest or title in the subject property. Therefore, even if allowed to amend his
6 | claim, plaintiff cannot state an actionable claim for accounting against LSI.

### F. The Unlawful Business Activities Claim Fails Because Plaintiff Has Not Demonstrated That He Adequately Pleaded The Claim

In his Complaint, plaintiff claims that the defendants engaged in "unlawful" acts by recording an Assignment of Deed of Trust that allegedly contained misstatements, misrepresentations, or omissions of fact. (Compl. ¶ 267.) Now that LSI has demonstrated in its moving papers that it was not involved with the recording of the Assignment of Deed of Trust, plaintiff changes his theory in his Opposition to argue that the defendants' attorneys are actually engaged in the unlawful conduct by "fil[ing] false pleadings, false documents in support of defendants claims and arguments, have successfully deceived the court several times and have succeed in evading review of their fraudulent activities that continue to this day." (Opp., p. 25, lns. 14-17.) These allegations are not in the operative Complaint and cannot be relied on as the basis for denying LSI's motion. Even if they were included in the operative Complaint, defendants' attorneys' conduct does not arise to a cause of action because the attorneys' conduct is protected under the litigation privilege. (Civ. Code § 47(b).)

Plaintiff further argues that LSI "filed false documents in the office of the County Recorder for the County of Los Angeles." (Opp., p. 26, lns. 22-24.) As explained above, however, even if the Complaint was amended to include this allegation under the claims regarding alleged unlawful business activity, the amended allegations would still fail to inform LSI how LSI's conduct would make it liable to plaintiff. Similarly, even if the Complaint was amended to include the allegation that LSI "fraudulently concealed facts facts from the *debtor* at the time of loan origination" (Opp., p. 26, lns. 24-25 (italics

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P
Los Angeles

LP09-0000022
9884795.1

7

REPLY TO PLAINTIFF'S OPPOSITION TO LSI
TITLE COMPANY'S MOTION TO DISMISS
ADVERSARY COMPLAINT

added)), plaintiff would not have standing to make this allegation since plaintiff is not the borrower under the Note and Deed of Trust. (See standing argument under Part III, below.) Therefore, these arguments do not defeat LSI's Motion to Dismiss the claims for violation of Civil Code section 2934 and Business and Professions Code section 17200.

### III. PLAINTIFF SHOULD BE DENIED LEAVE TO AMEND HIS COMPLAINT

Leave to amend should only be granted when the "underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." (*Foman v. Davis*, 371 U.S. 178, 182 (1962).) If amendment is futile, leave to amend should be denied. (*Id.*)

Plaintiff should be denied leave to amend because plaintiff has not established that he has standing to bring his Complaint. The Complaint and Opposition target two alleged courses of conduct: (1) the securitization of the subject loan and (2) the fraudulent solicitation of the debtor to execute the Note and Deed of Trust. Plaintiff is not a party to the Pooling and Service Agreement, nor is he an investor of the loan trust; therefore, he cannot challenge the validity of the securitization of the loan. *Bascos v. Federal Home Loan Mortg. Corpo.*, 2011 WL 3157063, at *6 (C.D. Cal., July 22, 2011). Likewise, since plaintiff is not the borrower under the subject Note and Deed of Trust, he lacks standing to argue that defendant Zaharescu "was fraudulently induced into signing a Grant Deed" (Opp., p. 20-21) and that the subject loan "did not fund" (Opp., p. 7, lns. 1-2). Allowing plaintiff to amend would be futile because he would not be able to amend to demonstrate to the court that he has standing to bring his claims.

///
///
///
///
///
///
///

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LP09-0000022
9884795.1

8

REPLY TO PLAINTIFF'S OPPOSITION TO LSI
TITLE COMPANY'S MOTION TO DISMISS
ADVERSARY COMPLAINT

## IV. CONCLUSION

For the reasons stated in this Reply and in LSI's Motion to Dismiss, LSI respectfully requests that the Court grant its Motion to Dismiss on the entire Complaint and to each and every claim against LSI without leave to amend.

Dated: May 20, 2013

HAIGHT BROWN & BONESTEEL LLP

By:  /s/ Annette F. Mijanovic
S. Christian Stouder
Krsto Mijanovic
Annette F. Mijanovic
Attorneys for Defendant
LSI TITLE COMPANY

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LP09-0000022
9884795.1

9

REPLY TO PLAINTIFF'S OPPOSITION TO LSI
TITLE COMPANY'S MOTION TO DISMISS
ADVERSARY COMPLAINT

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss.:
COUNTY OF LOS ANGELES )

*ADINA ZAHARESCU*
*1:12-bk-11362-MT*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 555 South Flower Street, Forty-Fifth Floor, Los Angeles, California 90071.

On May 22, 2013, I served the within document(s) described as:

REPLY TO PLAINTIFF'S OPPOSITION TO LSI TITLE COMPANY'S MOTION TO DISMISS ADVERSARY COMPLAINT

on the interested parties in this action as stated on the attached mailing list.

[X]    (CM/ECF) Pursuant to the United States District Court Procedural Rules for Electronic Case Filing and the Case Management/Electronic Case Filing Rules, I electronically served the above-listed documents on the parties shown on the attached service list for the above-entitled case, as listed above.

Executed on May 22, 2013, at Los Angeles, California.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

_____Julie Mentesana_____          _____(Signature)_____
    (Type or print name)

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LP09-0000022
9884795.1

10

REPLY TO PLAINTIFF'S OPPOSITION TO LSI
TITLE COMPANY'S MOTION TO DISMISS
ADVERSARY COMPLAINT

MAILING LIST
ADINA ZAHARESCU
1:12-bk-11362-MT

| | |
|---|---|
| Robert W Norman, Jr<br>Houser & Allison<br>9970 Research Dr<br>Irvine, CA 92618<br><br>T: 949-679-1111<br>F : 949-679-1112<br>E: rnorman@houser-law.com<br>*Counsel for defendant Deutsch Bank National Trust Company NA; Litton Loan Servicing LP* | Kalley R. Aman<br>Brian T. Harvey<br>Pooya E. Sohi<br><br>T: 213-891-0700<br>F: 213-896-0400<br>E: Kaman@buchalter.com<br>*Counsel for defendant Ameriquest Mortgage Company and Ameriquest Mortgage Securities, Inc.* |

Jacqueline S Eberhard
Terry Loftus
McCarthy & Holthus LLP
1770 Fourth Ave
San Diego, CA 92101

T: 619-243-3963
F: 619-685-4810
E: bknotice@mccarthyholthus.com;
bknotice@mccarthyholthus.com
*Counsel for defendant Quality Loan Servicing, Corp.*

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LP09-0000022
9884795.1

11

REPLY TO PLAINTIFF'S OPPOSITION TO LSI
TITLE COMPANY'S MOTION TO DISMISS
ADVERSARY COMPLAINT

# PROOF OF SERVICE

STATE OF CALIGORNIA      )
                         )  ss.:
COUNTY OF LOS ANGELES    )

*ADINA ZAHARESCU*
*1:12-bk-11362-MT*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 555 South Flower Street, Forty-Fifth Floor, Los Angeles, California 90071.

On May 22, 2013, I served the within document(s) described as:

REPLY TO PLAINTIFF'S OPPOSITION TO LSI TITLE COMPANY'S MOTION TO DISMISS ADVERSARY COMPLAINT

on the interested parties in this action as stated below:

| | |
|---|---|
| Satish Shetty<br>4351 La Barca Drive<br>Tarzana, California 91356<br><br>T: 818-342-2404<br>F: 818-342-6318<br>Plaintiff in pro per in adversary proceeding | Adina Zaharescu<br>4351 La Barca Drive<br>Tarzana, California 91356<br><br><br>Debtor and defendant |

[X]  (MAIL) by placing a true copy thereof in sealed envelope(s) addressed above and causing such envelope(s) to be deposited in the U.S. Mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

Executed on May 22, 2013, at Los Angeles, California.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

_____Julie Mentesana_____                    _____(Signature)_____
(Type or print name)

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LP09-0000022
9884795.1

12

REPLY TO PLAINTIFF'S OPPOSITION TO LSI
TITLE COMPANY'S MOTION TO DISMISS
ADVERSARY COMPLAINT